IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02981-BNB

DORIAN TORREZ,

    Applicant,

v.

ADAMS COUNTY SHERRIFFS [sic] OFFICE,
[ADAMS COUNTY] COMMISIONER [sic], and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Dorian Torrez, currently is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Applicant, acting *pro se*, attempted to initiate this action by filing a notice of intent to file suit (ECF No. 1) raising what appeared to be civil rights claims pursuant to 42 U.S.C. § 1983. Mr. Torrez also requested forms to initiate a civil rights action pursuant to § 1983 and a habeas corpus action pursuant to 28 U.S.C. § 2254, which the clerk of the Court mailed to him on November 13, 2012.

    The Court reviewed the notice of intent to file suit and determined the document was deficient. Therefore, on November 14, 2012, Magistrate Judge Boyd N. Boland directed Mr. Torrez to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

    The November 14 order pointed out that Mr. Torrez failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and either to

pay the $350.00 filing fee or to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  Subsection (a)(2) of § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The November 14 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.  The November 14 order also directed Mr. Torrez to file a Prisoner Complaint.  The order warned Mr. Torrez that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Torrez has failed to cure the designated deficiencies.  On December 13, 2012, he submitted two prisoner's motions and affidavits for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF Nos. 4 and 5) on the Court-approved form that are appropriate for a civil rights, not a habeas corpus, action.  He also filed a Motion to File Without Payment and Supporting Financial Affidavit (ECF No. 7) and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8), neither of which was on a Court-approved form.  In addition, he submitted a Prisoner Complaint (ECF No. 9) pursuant to § 1983 and two applications for writ of habeas corpus pursuant to § 2254 (ECF Nos. 11 and 12).  The caption of this order has been corrected to reflect the parties named in the final docketed pleading, i.e., the second amended application (ECF No. 12).  The clerk of the Court will be directed to correct the Court's docketing records for this case to reflect the parties named in the second amended application.

Mr. Torrez may not initiate both a civil rights action and habeas corpus action in the same case, which he attempted to do by using the same docket number for all the documents he filed on December 13.  He also need not file the Information and Instructions for Filing a Prisoner Complaint (ECF No. 10) or the Information and Instructions for Filing Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13).  These documents are for his information only.

Mr. Torrez has failed within the time allowed to cure the designated deficiencies. Therefore, the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Torrez files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the clerk of the Court correct the Court's docketing records for this case to reflect the parties named in the final docketed pleading, i.e., the second amended application (ECF No. 12).  It is

FURTHER ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Dorian Torrez, within the time allowed, to cure the deficiencies designated in the order to cure of November 14, 2012.  It is

FURTHER ORDERED that the motions for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF Nos. 4, 5, 7, and 8) are denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  28th  day of    December   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court